The parties were divorced in 2014. They agreed to joint custody of their six children, and the relevant portion of their separation agreement merged into the divorce judgment. After the father brought one of the children to school late one day in order that the child could visit a different school, the mother brought a contempt action. The judge dismissed the mother's contempt complaint and denied what effectively was a motion for reconsideration. On the mother's appeal, we affirm.
Background. The parties' separation agreement set forth a specific parenting schedule, which, inter alia, granted the father parenting time overnight on Thursdays "through Friday morning, drop-off at school or [the mother's] house at 8:00 A.M ." It also provided that the parties' "primary consideration in parenting the Children shall be the Children's welfare," and that they shall confer with each other concerning matters including educational choices and alternatives, including "schools to be attended."
On December 4, 2015, a Friday, the father did not bring one of the parties' children to the child's then-current school until approximately 11:00 A.M. [2] The reason for this delay was that the child was interested in potentially transferring to a different school, and the father brought the child to an open house there that morning. The father had provided the mother prior notice of the planned visit by electronic mail message (e-mail), and in that e-mail he had invited her to attend the visit. The child had also informed the mother of the plan.
The mother brought a contempt action in which she alleged that by failing to bring the child to school by 8:00 A.M. , the father violated the clear terms of the judgment.[3] After holding a nonevidentiary hearing, the judge dismissed the contempt complaint, based on her view that "[n]o evidence was presented as to [the father's] willful disobedience/violation of a clear and unequivocal order."
The mother subsequently requested that the judge reconsider her ruling through a motion styled as one to alter or amend the judgment or for a new trial pursuant to Mass.R.Dom.Rel.P. 59. In the motion, the mother argued in essence that the father admitted that he had not brought the child to his current school by 8:00 A.M. , and that therefore the judge was required to find the father in contempt. The judge summarily denied the postjudgment motion.
Discussion. "[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). The burden in a contempt action is on the complainant. Id. at 852. "A judge's ultimate conclusion on the contempt finding is reviewed under the abuse of discretion standard." K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014).
On appeal, the mother continues to argue that because the father admitted that he was late bringing the child to school on the day in question, he unquestionably acted in contempt. However, the separation agreement does not clearly and unequivocally state that school drop-off must invariably occur by 8:00 A.M. For example, the agreement can be read so that the 8:00 A.M deadline applies only to drop-offs at the mother's house when school is not in session. In any event, the agreement expressly recognizes that that there may be "unique circumstances" that result in a child being late, in which case the custodial parent shall provide "notice of the delay and the reasons for the delay" to the other parent. Here, the tardy arrival was the product of a visit to a different school in light of the child's desire to change schools, and the father provided prior notice as contemplated by the agreement. In these circumstances, the judge did not abuse her discretion in concluding that the mother had not shown that the father acted in "disobedience of a clear and unequivocal command." Birchall, petitioner, supra at 853. For the same reason, the judge did not abuse her discretion in denying the mother's postjudgment motion.
Judgment affirmed.
Order denying motion to alter or amend judgment or for new trial affirmed.

At the hearing held on the contempt complaint on January 13, 2016, the parties presented their respective versions of the relevant events based on attorney representations. Neither side requested an evidentiary hearing, and, in any event, the facts appear to be essentially uncontested.

The mother argued below that the father also was in contempt for taking the child to the open house and for following through with an application to the new school. She is not pressing those claims on appeal.